IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARK ANTHONY JAEGEL SR.; MARK ANTHONY
JAEGEL JR., Individually and on
Behalf of All Others Similarly
Situated,

    Plaintiffs,

  v.

COUNTY OF ALAMEDA, et al.,

    Defendants.
_____/

No. C 09-00242 CW

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs Mark Anthony Jaegel Sr. and Mark Anthony Jaegel Jr., individually and on behalf of others similarly situated, move to certify classes of individuals who have been subject to strip searches as part of booking procedures while being processed into the Alameda County Jail. Plaintiffs claim that these searches violate California Penal Code § 4030 and the Fourth and Fourteenth Amendments of the Constitution. Plaintiffs move to certify (1) an injunctive relief class to prohibit these alleged illegal searches and (2) a statutory damages class to recover compensation provided to victims of illegal strip searches under § 4030(p). Defendants oppose the motion. The matter was heard on December 10, 2009. Having considered oral argument and all of the papers filed by the

parties, the Court grants Plaintiffs' motion in part and denies it in part.

## BACKGROUND

On January 13, 2008, Deputies from the Alameda County Sheriff's Department arrested Plaintiffs Mark Anthony Jaegel Sr. and his son Mark Anthony Jaegel Jr. for their roles in a bird fight. Plaintiffs were transported to the Alameda County Santa Rita Jail Facility where they were allegedly strip searched along with other detainees in violation of California Penal Code § 4030(f) and their Fourth and Fourteenth Amendment rights. Plaintiffs were grouped with other detainees who were being processed into the jail. Deputies ordered Plaintiffs to stand shoulder to shoulder in a hallway and remove their clothing down to their underwear. Some detainees, including Plaintiff Mark Jaegel Sr., did not wear underwear and were left completely naked. Deputies ordered the detainees to open their mouths, run their fingers through their hair and raise each foot off the ground while spreading their toes. Deputies visually inspected the detainees during these exercises.

Plaintiffs' complaint states that they bring this class action on behalf of all pretrial detainees and inmates whom Defendants have allegedly strip searched at their county jail facilities since January, 2006. Compl. ¶ 3. Plaintiffs allege that, since January, 2006, Defendants "have and continue to engage in a custom, practice and/or official policy of strip searching all inmates who enter their jail facilities without regard to bonafide security risks." Id. at 4. In the same complaint, separate from the class action allegations, Plaintiffs sue Defendants for false imprisonment. Id.

at ¶ 2.

## LEGAL STANDARD

A plaintiff seeking to represent a class must satisfy the threshold requirements of Rule 23(a) as well as the requirements for certification under one of the subsections of Rule 23(b). Rule 23(a) provides that a case is appropriate for certification as a class action if:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Rule 23(b) further provides that a case may be certified as a class action only if one of the following is true:

> (1) prosecuting separate actions by or against individual class members would create a risk of:
>
>> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>>
>> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
>
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
>
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these

3

findings include:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b).

A plaintiff seeking class certification bears the burden of demonstrating that each element of Rule 23 is satisfied, and a district court may certify a class only if it determines that the plaintiff has borne its burden. Gen. Tel. Co. v. Falcon, 457 U.S. 147, 158-61 (1982); Doninger v. Pac. Nw. Bell, Inc., 564 F.2d 1304, 1308 (9th Cir. 1977). In making this determination, the court may not consider the merits of the plaintiff's claims. Burkhalter Travel Agency v. MacFarms Int'l, Inc., 141 F.R.D. 144, 152 (N.D. Cal. 1991). Rather, the court must take the substantive allegations of the complaint as true. Blackie v. Barrack, 524 F.2d 891, 901 (9th Cir. 1975). Nevertheless, the court need not accept conclusory or generic allegations regarding the suitability of the litigation for resolution through class action. Burkhalter, 141 F.R.D. at 152. In addition, the court may consider supplemental evidentiary submissions of the parties. In re Methionine Antitrust Litig., 204 F.R.D. 161, 163 (N.D. Cal. 2001); see also Moore v. Hughes Helicopters, Inc., 708 F.2d 475, 480 (9th Cir. 1983)(noting that "some inquiry into the substance of a case may be necessary to ascertain satisfaction of the commonality and typicality

4

requirements of Rule 23(a);" however, "it is improper to advance a decision on the merits at the class certification stage"). Ultimately, it is in the district court's discretion whether a class should be certified. Molski v. Gleich, 318 F.3d 937, 946 (9th Cir. 2003); Burkhalter, 141 F.R.D. at 152.

DISCUSSION

As a preliminary matter, Defendants do not dispute Plaintiffs' assertion that this action satisfies the numerosity, commonality and adequacy requirements of Rule 23(a)(1), (2) and (4), and the Court finds that it does. See 1 Alba Cone & Herbert B. Newberg, Newberg on Class Actions § 3.3 (4th ed. 2002) (where "the exact size of the class is unknown, but general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied"); Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998) ("All questions of fact and law need not be common to satisfy [Rule 23(a)(2)]. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class.").

Defendants' main arguments in opposing Plaintiffs' motion for class certification are that Plaintiffs fail to meet the requirements of typicality under Rule 23(a)(3) and that common issues do not predominate under Rule 23(b)(3).

I.  Class Certification: Typicality

Rule 23(a)(3)'s typicality requirement provides that a "class representative must be part of the class and possess the same interest and suffer the same injury as the class members." Falcon, 457 U.S. at 156 (quoting E. Tex. Motor Freight Sys., Inc. v.

Rodriguez, 431 U.S. 395, 403 (1977)) (internal quotation marks omitted). The requirement is meant "to assure that the interest of the named representative aligns with the interests of the class." Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992). Rule 23(a)(3) is satisfied where the named plaintiffs have the same or similar injury as the unnamed class members, the action is based on conduct which is not unique to the named plaintiffs, and other class members have been injured by the same course of conduct. Id. Class certification is inappropriate, however, "where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation." Id. (quoting Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 903 F.2d 176, 180 (2d Cir. 1990), cert. denied, 498 U.S. 1025 (1991)).

Defendants argue that it is impossible to ascertain whether the named Plaintiffs' claims are typical of those in the proposed class in general because Plaintiffs' class certification motion refers to class members as "pre-arraignment detainees," but their proposed definition in the appendix to the class certification motion refers to class members as "detainees" without the "pre-arraignment" qualifier. Despite this inconsistency, it is clear from the numerous instances throughout Plaintiffs' moving papers where they refer to proposed class members as "pre-arraignment detainees" that the proposed class members consist only of pre-arraignment detainees and not all individuals detained in Alameda County jails. Therefore, the Court can and does address typicality.

Defendants next argue that the named Plaintiffs' claims are

not typical of those of the proposed class members with respect to both of the causes of action to be resolved on a class basis. The first cause of action is labeled "Illegal Strip Search in Violation of Fourth and Fourteenth Amendments and California Penal Code Section 4030" and the second is labeled "Violation of Penal Code Section 4030." Despite the different labels, both causes of action contain virtually identical allegations and both charge Defendants with improperly strip searching Plaintiffs in violation of the Fourth and Fourteenth Amendments and California Penal Code § 4030(f).

Plaintiffs assert that their strip searches were conducted in violation of Penal Code § 4030(f). This subsection concerns searches which take place "prior to placement in the general jail population." It prohibits strip searches or visual body cavity searches of persons "arrested and held in custody on a misdemeanor or infraction offense, except those involving weapons, controlled substances or violence . . . ."[1] Plaintiffs claim that they were arrested only for violating California Penal Code § 597(c), a

---

[1] California Penal Code § 4030(f) provides:

No person arrested and held in custody on a misdemeanor or infraction offense, except those involving weapons, controlled substances or violence . . . shall be subjected to a strip search or visual body cavity search prior to placement in the general jail population, unless a peace officer has determined there is reasonable suspicion based on specific and articulable facts to believe such person is concealing a weapon or contraband, and a strip search will result in the discovery of the weapon or contraband. No strip search or visual body cavity search or both may be conducted without the prior written authorization of the supervising officer on duty. The authorization shall include the specific and articulable facts and circumstances upon which the reasonable suspicion determination was made by the supervisor.

7

misdemeanor charge of being a spectator at a bird fight.[2]

In contrast to Plaintiffs' assertions, the Alameda County Sheriff's Department arrest records show that Plaintiffs were arrested for three crimes: Penal Code §§ 597(c), 597(b) and 597b. Sections 597(c) and 597b were charged as misdemeanors, but 597(b) was charged as a felony. Rockwell Decl., Exh. B, C; Luna Decl. ¶ 2. Because § 4030(f) does not apply to detainees arrested for felony offenses, Plaintiffs' claims are not typical of those in the proposed classes. Therefore, the motion for class certification fails with respect to any claim of violation of California Penal Code § 4030(f).

In Plaintiffs' 42 U.S.C. § 1983 claim, they assert that the "Alameda County Sheriff's Department maintains a blanket policy that requires all persons who enter the Alameda County Jail to undergo a strip search, without regard to any individual factor bearing reasonable suspicion that the person poses a risk of possessing a weapon or contraband." Reply at 6-7. However, Plaintiffs allege that, as part of the search, they were ordered to disrobe down to their undershorts. Motion at 5. Only individuals who were not wearing undershorts on the day that they were detained were searched while naked. Named Plaintiff Mr. Jaegel Sr. was one

---

[2]California Penal Code § 597(c) provides:

> Every person who maliciously and intentionally maims, mutilates, or tortures any mammal, bird, reptile, amphibian, or fish as described in subdivision (d), is guilty of an offense punishable by imprisonment in the state prison, or by a fine of not more than twenty thousand dollars ($20,000), or by both the fine and imprisonment, or, alternatively, by imprisonment in the county jail for not more than one year, by a fine of not more than twenty thousand dollars ($20,000), or by both the fine and imprisonment.

8

such individual, but his son, the other named Plaintiff, Mr. Jaegel Jr., was not. Because Mr. Jaegel Jr. was clothed at the time of his search, his claim is not typical of those of the class. As to Mr. Jaegel Sr., irrespective of the fact that he was permitted to wear his undershorts, because he was not wearing undershorts, he was naked at the time of the search, and, as such, was de facto subject to a strip search. Therefore, Mr. Jaegel Sr. presents claims typical of those of the class.

II. Class Certification: Predominance

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 623 (1997). "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than an individual basis." Hanlon, 150 F.3d at 1022 (internal quotation marks omitted).

Defendants argue that common issues do not predominate because, even if their alleged policy to strip search all pre-arraigned detainees upon entering the jail is unconstitutional, the unnamed Plaintiffs' rights were not violated if their searches were conducted based on reasonable suspicion. Defendants assert that whether there was reasonable suspicion for each search will depend on the individual circumstances involved.

Defendants' argument does not defeat class certification. The real issue in this case is the constitutionality of the policies and practices of the Sheriff's Department, which were applied to all class members. The legal question presented by the named

9

Plaintiffs, whether the Sheriff's strip search policy is unconstitutional, is the same with respect to the unnamed class members. Thus, given the alleged uniform and indiscriminate nature of the strip search policy and practice at issue, it appears that liability can be determined on a class-wide rather than an individual basis.

The class includes only those subjected to a strip search without any individualized reasonable suspicion that they were concealing contraband. Thus, those who were subjected to searches based on individualized reasonable suspicion are not included in the class. Although such post hoc determinations of reasonable suspicion weigh against certifying the class under Rule 23(b)(3), they do not compel the Court to find that this case must be tried on an individual basis. Post hoc determinations do not detract from the legal question of whether individuals were searched pursuant to an unconstitutional blanket strip search policy. See Bull v. City & County of San Francisco, C 03-1840, 2006 U.S. Dist. LEXIS 9120, *11 (N.D. Cal.). Moreover, even if some categories of individuals within the class could be permissibly strip searched, some of these determinations too could be resolved on a class-wide basis. See id. at 10.

As to superiority, at this stage, it is apparent that the resolution of the liability and damages issues in a class action is likely to be a far more efficient method of adjudication than the individual assertion of lawsuits grounded in similar facts. Accordingly, the Court concludes that all of the requirements of Rule 23(a) and (b)(3) have been met and certification of a class is warranted.

## II. Class Certification Under Rule 23(b)(2)

Plaintiffs also move for certification of an injunctive relief class under Rule 23(b)(2). Rule 23(b)(2) permits certification where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b). "Class certification under Rule 23(b)(2) is appropriate only where the primary relief sought is declaratory or injunctive." Zinser v. Accufix Research Institute, Inc., 253 F.3d 1180, 1195 (9th Cir. 2001).

Although common issues must predominate for class certification under Rule 23(b)(3), no such requirement exists under 23(b)(2). "It is sufficient if class members complain of a pattern or practice that is generally applicable to the class as a whole. Even if some class members have not been injured by the challenged practice, a class may nevertheless be appropriate." Walters v. Reno, 145 F.3d 1032, 1047 (9th Cir. 1998); see 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1775 (2d ed. 1986) ("All the class members need not be aggrieved by or desire to challenge the defendant's conduct in order for some of them to seek relief under Rule 23(b)(2)."); see also Adamson v. Bowen, 855 F.2d 668, 676 (10th Cir. 1988) (emphasizing that, although "the claims of individual class members may differ factually," certification under Rule 23(b)(2) is a proper vehicle for challenging "a common policy").

Plaintiffs allege that Defendants maintain uniform customs, practices and procedures to strip-search all incoming detainees who

11

are processed into the Alameda County jails. Class certification for injunctive relief is appropriate in this case because Defendants are alleged to have acted "on grounds that apply generally to the class." Accordingly, the Court also certifies a class under Rule 23(b)(2).

CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs' motion for class certification in part and denies it in part. Docket No. 19. The Court notes that, although it grants certification in this case, "[d]eterminations to certify a class depend on initial predication and are always subject to revision." Tardiff v. Knox County, 365 F.3d 1, 6 (1st Cir. 2004). The Court can always decertify the class should that become necessary.

With that caveat, the following class is hereby certified pursuant to Fed. R. Civ. P. 23(a) and (b)(2) for injunctive and declaratory relief and (b)(3) for damages:

> All pre-arraignment detainees who are or will be held in Defendants' custody and who, because of such detention, will be strip searched pursuant to Alameda County Sheriff's Department custom, policy or procedure without a reasonable suspicion based on specific and articulable facts that the detainee possessed a weapon or contraband that would be found as a result of the strip search.[3]

IT IS SO ORDERED.

Dated: 01/22/10

CLAUDIA WILKEN
United States District Judge

---

[3] The Court deleted the language in Plaintiffs' proposed class definition that referred to a supervising officer's prior written authorization for a strip search because that requirement applies only to California Penal Code § 4030. Section 1983 does not redress violations of state law.

12